UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID M. ROGOWSKI, and JOYCE THOMAS Individually and On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

Case No._____

COMPLAINT

Class Action

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

Plaintiffs David M. Rogowski and Joyce Thomas ("Plaintiffs"), individually and on behalf of all others similarly situated, for their Class Action Complaint against Defendant State Farm Life Insurance Company ("Defendant"), state and allege as follows:

## INTRODUCTION

1. This is a class action for breach of contract and conversion brought by Plaintiffs on behalf of a class of Missouri owners of the "Form 94030" life insurance product issued and administered by Defendant.

2. Plaintiffs, individually and on behalf of the proposed class, seek to recover amounts Defendant has wrongfully taken, and continues to take, from policy owners in the wake of a judgment entered against it concerning conduct identical to that alleged herein. *See Vogt v. State Farm Life Insurance Company*, 2:16-CV-04170-NKL (W.D. Mo.) ("*Vogt*").

3. Form 94030 is a "universal life" insurance policy, the terms of which provide for an "Account Value" consisting of monies held in trust by Defendant for Plaintiffs and members of the proposed class. Defendant is contractually bound to deduct from the Account Value only those charges that are explicitly identified and authorized by the terms of its life insurance policies, which are fully integrated agreements.

1

4. Nevertheless, Defendant deducts charges from the Account Values of Plaintiffs and the proposed class in excess of amounts specifically permitted by their policies. For decades, Defendant has systematically deducted monies from the Account Values of its Form 94030 policy owners in breach of the policy's terms.

5. This is the second case brought against Defendant on behalf of a class of Missouri Form 94030 policy owners regarding Defendant's unauthorized deductions from policy Account Values. Filed in this district more than five years ago, the *Vogt* case involved a class of current and former Missouri Form 94030 policy owners (including Plaintiffs) alleging claims of breach and conversion arising from Defendant's inclusion of certain undisclosed "loads" in the "Monthly Cost of Insurance Rates" it used to calculate the monthly "Cost of Insurance Charges" taken from policy owner Account Values.

6. Ultimately, the United States District Court for the Western District of Missouri determined that, under Missouri law, Defendant had violated the terms of its Form 94030 policies, and a jury subsequently returned a verdict in excess of $34 million resulting from Defendant's breaches and wrongful conversion of monies rightfully belonging to the Missouri class. A judgment was then entered by the trial court and subsequently affirmed on appeal by the Eighth Circuit Court of Appeals, and Defendant's petition for writ of certiorari to the United States Supreme Court was denied.

7. Nevertheless, even after a finding of its past wrongful conduct as a matter of Missouri law, which included a declaratory judgment entered against it, Defendant has ignored the judgment and continued to impermissibly load the Cost of Insurance Charges it deducts from Account Values of Missouri Form 94030 owners.

8. Defendant's conduct has caused, and continues to cause, material harm to Plaintiffs and the proposed class by wrongfully draining monies they have accumulated in the Account Values of their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: invest through the policy; pay future premiums; increase the death benefit; use as collateral for policy loans; or withdraw as cash. And because each Form 94030 policy can stay in-

2

force only so long as the Account Value is sufficient to cover future monthly Cost of Insurance Charges, Defendant's conduct of impermissibly loading Monthly Cost of Insurance Rates causes the premature lapse of policies or forces policy owners to make substantial additional payments to retain their policies.

## PARTIES

9. Plaintiff David M. Rogowski is an individual residing in the State of Missouri and a citizen of the State of Missouri.

10. Plaintiff Joyce Thomas is an individual residing in the State of Missouri and a citizen of the State of Missouri.

11. Defendant State Farm Life Insurance Company is a life insurance company organized and existing under the laws of the State of Illinois, and maintains its principal place of business in Bloomington, Illinois. Defendant is registered to do business in the State of Missouri and has a registered office located at 221 Bolivar Street, Jefferson City, MO 65101. Over the years Defendant sold approximately 24,000 Form 94030 policies to Missourians.

12. Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23, on behalf of themselves and as representatives of the following persons (the "Class"): All persons who own or owned on or after June 7, 2018, a universal life insurance policy issued by Defendant on its policy Form 94030 in the State of Missouri.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed Class contains more than 100 members.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this District and a substantial portion of the events giving rise to Plaintiffs' causes of action occurred in this District. Likewise venue is proper in this Division pursuant to L.R. 3.2(b)(1) because Defendant has a registered office located at 221 Bolivar Street, Jefferson City, MO 65101.

**GENERAL ALLEGATIONS**

15. Plaintiff Rogowski purchased from Defendant a flexible premium adjustable whole life insurance Form 94030 policy bearing the policy number LF-2135-4466, and a policy date of February 17, 2004, with a basic amount of $50,000. Plaintiff Rogowski has always been the owner of this policy.

16. Plaintiff Thomas purchased from Defendant a flexible premium adjustable whole life insurance Form 94030 policy bearing the policy number LF-2083-6867, and a policy date of June 7, 2003, with a basic amount of $50,000. Plaintiff Thomas has always been the owner of this policy.

17. A true and accurate copy of the terms of the Form 94030 policy owned by Plaintiffs is attached hereto as Exhibit A and incorporated herein by reference.

18. Defendant has administered and currently administers all aspects of the Form 94030 policies issued to Plaintiffs, and the policies meeting the class definition set forth above (collectively, the "Policies"), including collecting premiums, and setting, assessing, and deducting policy charges.

19. Defendant is the effective and liable insurer of the Policies.

20. The Policies are valid and enforceable contracts between Plaintiffs and the proposed class members, on the one hand, and Defendant, on the other.

21. Each of the Policies provide: "The [P]olicy is the entire contract," and it consists of "the Basic Plan, any amendments, endorsements, and riders, and a copy of the application." Ex. A at p. 11.

22. The terms of the Policies are not subject to individual negotiation and are materially the same for all policyholders. They cannot be altered by an agent's representations at the time of sale.

23. "Only an officer has the right to change this policy. No agent has the authority to change the policy or to waive any of its terms. All endorsements, amendments, and riders must be signed by an officer to be valid." Ex. A at p. 11.

24. In addition to a death benefit, the Policies provide policy owners a savings, or interest-bearing, component that is identified in the Policies as the "Account Value."

25. Generally speaking, premium dollars are deposited into the Account Value, from which Defendant deducts those monthly charges authorized by the terms of the Policies. The Account Value earns interest as provided by the Policies.

26. The money that makes up the Account Value is the property of the policy owner and is held in trust by Defendant.

27. Defendant may access and withdraw funds from the Account Value only as expressly authorized by the Policies.

28. The Policies expressly define the specific charges that Defendant may assess and deduct from a given policy owner's premium payments and the accumulated Account Value. Defendant may deduct only those charges allowed by the Policies.

29. Under the express terms of the Policies, a "premium expense charge" is taken from each premium payment in the amount of 5% of each premium paid. Ex. A at p. 3.

30. The Account Value is equal to 95% of the initial premium less the monthly deduction for the first policy month, and thereafter:

> The account value on any deduction date after the policy date is the account value on the prior deduction date:
>
> (1) plus 95% of any premiums received since the prior deduction date,
> (2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,
> (3) less any withdrawals since the prior deduction date,
> (4) less the current monthly deduction,
> (5) plus any dividend paid and added to the account value on the current deduction date, and
> (6) plus any interest accrued since the prior deduction date.
>
> The account value on any other date is the account value on the prior deduction date:
>
> (1) plus 95% of any premiums received since the prior deduction date,

> (2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,
> (3) less any withdrawals since the prior deduction date, and
> (4) plus any interest accrued since the prior deduction date.

Ex. A at p. 9.

31. The "Policy Date" is "[t]he effective date of this Policy," and the "Deduction Date" is "[t]he policy date and each monthly anniversary of the policy date." Ex. A at p. 5.

32. The Policies authorize Defendant to take a "Monthly Deduction" from each policy owner's Account Value each month. Ex. A at p. 9.

33. The Policies expressly define the Monthly Deduction as follows:

> **Monthly Deduction.** This deduction is made each month, whether or not premiums are paid, as long as the cash surrender value is enough to cover that monthly deduction. Each deduction includes:
> (7) the cost of insurance,
> (8) the monthly charges for any riders, and
> (9) the monthly expense charge.

Ex. A at p. 9.

34. The Policies state that the monthly expense charge ("Expense Charge") is $5.00. Ex. A at p. 3.

35. The Policies also expressly define how the charge for the Policy's "Cost of Insurance" ("Cost of Insurance Charge") is determined and calculated:

> **Cost of Insurance.** This cost is calculated each month. The cost is determined separately for the Initial Basic Amount and each increase in Basic Amount.
>
> The cost of insurance is the monthly cost of insurance rate times the difference between (1) and (2), where:
> (1) is the amount of insurance on the deduction date at the start of the month divided by 1.0032737, and
> (2) is the account value on the deduction date at the start of the month before the cost of insurance and the monthly charge for any waiver of monthly deduction benefit rider are deducted.
>
> Until the account value exceeds the Initial Basic Amount, the account value is part of the Initial Basic Amount. Once the account value exceeds that amount, if there have been any increases in Basic Amount, the excess will be part of the increases in order in which the increases occurred.

6

Ex. A at p. 10.

36. The Policies specify the factors Defendant may use to determine "Monthly Cost of Insurance Rates," which are used to calculate the Cost of Insurance Charges that are deducted from the Account Value each month:

> **Monthly Cost of Insurance Rates.** These rates for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class. A rate class will be determined for the Initial Basic Amount and for each increase. The rates shown on page 4 are the maximum monthly cost of insurance rates for the Initial Basic Amount. Maximum monthly cost of insurance rates will be provided for each increase in the Basic Amount. We can charge rates lower than those shown. Such rates can be adjusted for projected changes in mortality but cannot exceed the maximum monthly cost of insurance rates. Such adjustments cannot be made more than once a calendar year.

Ex. A at p. 10.

37. Defendant admits that a rate "based on" factors explicitly identified in the Policies must be determined using only those identified factors. *See Alleman v. State Farm Life Ins. Co.*, 334 Fed. Appx. 470, 472 (3rd Cir. 2009) (affirming summary judgment in State Farm's favor, and rejecting plaintiff insured's argument that provision in life insurance policy stating charge would be "*based on the Insured's age last birthday and sex*" should be read to include other undisclosed factors, because "[b]y the plain language of these policies, it is clear that the insureds' age and sex are the only mortality factors relevant to the rate …." (emphasis added)).

38. Thus, under the explicit terms of the Policies, Defendant is authorized to determine Monthly Cost of Insurance Rates for each policy year using only the Insured's age, sex, applicable rate class, and projected changes in mortality. Ex. A. at p. 10.

39. Age, sex, and rate class are factors commonly understood as mortality factors used to determine the mortality expectations of an insured or group or class of insureds. *See Vogt*, 963 F.3d 753, 760 (8th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 577 (Apr. 19, 2021) ("These enumerated factors are so-called 'mortality factors' because they relate to a policyholder's mortality risk, which allows the insurer to determine the projected mortality estimate of a policyholder based on his specific circumstances.").

7

40. By specifically identifying Monthly Cost of Insurance Rates for each policy year as based on age, sex, and rate class, Defendant agrees that mortality expectations determine the Monthly Cost of Insurance Rates under the Policies, as confirmed by the additional provision that "[s]uch rates can be adjusted for projected changes in mortality." Ex. A at p. 10.

41. Given the language of the Monthly Cost of Insurance Rates provision in the Policies, and its context in the Policies as a whole, no reasonable layperson would expect that the Policies permitted Defendant to use any factor it wanted to determine Monthly Cost of Insurance Rates for the Policies. A reasonable layperson would instead read policy year, age, sex, and rate class, in combination with the contractual limitation that rates can only be adjusted for "projected changes in mortality," to mean that only mortality expectations are used to determine Monthly Cost of Insurance Rates for the Policies. *See Vogt*, 963 F.3d at 763-764 (concluding the Form 94030 Monthly Cost of Insurance Rate language "is at least ambiguous" and "must be construed in favor of Vogt;" and further concluding "a person of ordinary intelligence purchasing an insurance policy would not read the provision and understand that where the policy states that the COI fees will be calculated 'based on' listed mortality factors that the insurer would also be free to incorporate other, unlisted factors into this calculation.").

42. Thus, the Policies authorize Defendant to make periodic deductions from policy owners' Account Values including, specifically, Cost of Insurance Charges that are calculated using rates that Defendant must determine based on specified factors, and that can be adjusted for projected changes in mortality.

43. On June 2, 2018, partial summary judgment was entered in favor of a Missouri class of Form 94030 policy owners in *Vogt* on the issue of liability as to State Farm's breach of the Monthly Cost of Insurance Rate provisions. In doing so, the *Vogt* court found:

> Plaintiff is entitled to partial summary judgment on [his breach of contract counts] and the corresponding claims for declaratory judgment. The Court has already ruled that State Farm was not permitted to take non-mortality factors, including expenses, into account in setting monthly COI rates. State Farm has admitted that it did so…Plaintiff has established, as to both the [Cost of Insurance] provision and the

8

expense charge provision, (1) the existence of a valid contract, (2) State Farm's obligation under the contract, and (3) State Farm's violation of its obligation.

*Vogt*, No. 2:16-CV-04170-NKL, Dkt. 335 (June 2, 2018) (internal citation omitted).

44. A trial on damages resulted in a jury verdict in an amount in excess of $34 million on plaintiff Vogt's claims for breach of contract and conversion. Defendant appealed the judgment, which was affirmed by the Eighth Circuit Court of Appeals. And Defendant's petition for writ of certiorari to the United States Supreme Court was denied.

45. According to the *Vogt* court's determination, Defendant is not authorized to load its Monthly Cost of Insurance Rates with non-mortality factors. Nonetheless, Defendant continues to load its Monthly Cost of Insurance Rates for Form 94030 with non-mortality factors, not authorized by the Policies, including, without limitation, expenses and profit assumptions.

46. By loading its Monthly Cost of Insurance Rates in excess of rates determined using the Policy-identified factors, Defendant is knowingly defying the *Vogt* court's declaratory judgment and causing Monthly Cost of Insurance Rates for the Policies to be greater than the Policies explicitly authorize. As a result, Defendant continues to withdraw Cost of Insurance Charges from policy owner Account Values in amounts greater than what is permitted by the Policies, and this Court's prior judgment.

47. As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class have been damaged, and those damages are continuing in nature in that Defendant deducted and will continue to deduct unauthorized Cost of Insurance Charges from policy owners' Account Values.

48. Defendant's conduct is intentional and willful. Defendant has not taken any steps to remove non-mortality loads from Plaintiffs' Monthly Cost of Insurance Rates and Monthly Cost of Insurance Charges. Plaintiffs are therefore forced to continue suffering the unlawful deductions or lose the life insurance they have been paying for since at least 2003. Defendant's conversion justifies punitive damages.

# CLASS ALLEGATIONS

49. Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23, on behalf of themselves and as representatives of the following Class:

> All persons who own or owned on or after June 7, 2018, a universal life insurance policy issued by Defendant on its policy Form 94030 in the State of Missouri.

Excluded from the Class is the Defendant, any entity in which the Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, any State Farm independent contractor insurance agents, anyone employed with Plaintiffs' counsel's firms, and any Judge to whom this case is assigned, and his or his immediate family. The Class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23, as set forth more fully herein. Moreover, Plaintiffs and the class expressly disclaim and do not seek damages or interest that were awarded and affirmed on appeal in *Vogt*, which was collected as part of the *Vogt* judgment.

50. The persons who fall within the Class number in the thousands, and thus the numerosity standard is satisfied. Because Class members are geographically dispersed across the state, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

51. There are questions of fact and law common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions since the *Vogt* judgment include, without limitation:

   a. Whether Defendant has continued to add loads not specified in the Class Policies when determining the Monthly Cost of Insurance Rates used to calculate Cost of Insurance Charges;

   b. Whether Defendant has continued to charge amounts in excess of those specifically authorized by the Class Policies;

   c. Whether the Class has sustained damages as a result of Defendant's continued misconduct; and

> d. Whether the Class is entitled to damages, restitution, punitive damages and/or other relief as a remedy for Defendant's breaches of contract and conversion.

52. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

53. Plaintiffs' claims are typical of those of the Class in that Class members purchased policies containing the same limitations on the amounts that Defendant could charge its policyholders under the express terms of the Policies.

54. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

55. Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of those they seek to represent. The interests of the Class members will be fairly and adequately protected by Plaintiffs and their counsel, who have extensive experience prosecuting complex class litigation.

56. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## **COUNT I: BREACH OF CONTRACT**

57. Plaintiffs incorporate and restate by reference Paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiffs and the Class purchased life insurance policies—the Policies—from Defendant.

59. The Policies are valid and enforceable contracts between Plaintiffs and the Class, and Defendant.

60. Plaintiffs and the Class substantially performed their obligations under the terms of the Policies.

61. By loading unauthorized factors into Monthly Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policies.

62. Because Defendant calculates Cost of Insurance Charges using loaded Monthly Cost of Insurance Rates, Defendant has deducted, and continues to deduct, Cost of Insurance Charges from the Account Values of Plaintiffs and the Class in amounts greater than those authorized by their Policies.

63. Defendant's practice of deducting charges in amounts not authorized by the Policies constitutes a breach.

64. As a direct and proximate result of Defendant's breach, Plaintiffs and the Class have been damaged.

## COUNT II: CONVERSION

65. Plaintiffs incorporate and restate Paragraphs 1 through 64 as though fully set forth herein.

66. Plaintiffs and the Class have a property interest in the funds Defendant deducts from their Account Values in excess of the amounts permitted by the terms of the Policies.

67. By deducting charges in unauthorized amounts from the Account Values of Plaintiffs and the Class, Defendant misappropriates or misapplies specific funds placed in the custody of Defendant for the benefit of Plaintiffs and the Class for use consistent with the terms of the Policies, without authorization or consent, and diverts those funds for its own use.

68. As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class have been damaged and continue to be damaged.

69. Although requiring expert testimony, the amounts of unauthorized charges Defendant takes from Plaintiffs and the Class are capable of determination, to an identified sum, by comparing Plaintiffs' actual Cost of Insurance Charge each month to a Cost of Insurance Charge computed using a Monthly Cost of Insurance Rate determined using the mortality factors disclosed in the Policies.

70. On behalf of himself and the Class, Plaintiffs seek all damages and consequential damages proximately caused by Defendant's conduct.

71. Defendant intended to cause damage to the Plaintiffs and the Class by deducting more than it was authorized to deduct from their Account Values. Defendant has continued to engage in the same conduct found wrongful under Missouri law in *Vogt* concerning the same policy form owned by Missouri policy owners. Its conduct is, therefore, malicious and Defendant is also guilty of oppression in that its systematic acts of conversion subject Plaintiffs and the Class to cruel and unjust hardship in conscious disregard of their rights. Plaintiffs and the Class are therefore entitled to punitive or exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request relief as follows: an order certifying this case as a class action under Fed. R. Civ. P. 23; compensatory damages in an amount to be proven at trial; costs; pre- and post-judgment interest at the maximum rate allowed by law; attorney's fees; punitive or exemplary damages; disgorgement; and such other legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues so triable.

DATED this 25th day of March, 2022.

Respectfully submitted,
*/s/ John J. Schirger*
John J. Schirger (MO Bar # 60583)
jschirger@millerschirger.com
Matthew W. Lytle (MO Bar # 59145)
mlytle@millerschirger.com
Joseph M. Feierabend (MO Bar # 62563)
jfeierabend@millerschirger.com
**MILLER SCHIRGER, LLC**
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel: 816-561-6500
Fax: 816-714-7101

Norman E. Siegel (MO Bar # 44378)
siegel@stuevesiegel.com
Bradley T. Wilders (MO Bar # 60444)
wilders@stuevesiegel.com
Lindsay Todd Perkins (MO Bar # 60004)
perkins@stuevesiegel.com
Ethan M. Lange (MO Bar # 67857)
lange@stuevesiegel.com
David A. Hickey (MO Bar # 62222)
hickey@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Fax: 816-561-6501

*Attorneys for Plaintiffs*