IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID ROGOWSKI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00203-RK |
| | ) |
| STATE FARM LIFE INS. CO., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiffs'[1] unopposed[2] motion for preliminary approval of the Parties' Settlement and request that the Court permit the issuance of the Class Notice of the proposed Settlement to the putative Settlement Class (Doc. 47). The Parties propose a Settlement of this Action in accordance with a Settlement Agreement dated November 18, 2022 (the "Agreement"), which, together with the Exhibits to the Agreement, sets forth the terms and conditions for a proposed Settlement of this Action and for a dismissal of the Action with prejudice.[3] The Court **GRANTS** the motion and further orders as follows:

1. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties for purposes of considering the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

2. **Giving Notice of the Settlement to the Class is Justified**. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The first stage in the approval process requires the Court to determine whether giving notice of the proposed settlement to the putative settlement class "is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on

---

[1] The named Plaintiffs are David M. Rogowski, Elizabeth A. Bally, Kathy Bauer, Kim Botte, John E. Jaunich, Mylene McClure as personal representative of the Estate of Earl L. McClure, Ronald K. Page, Chandra B. Singh, Joyce Thomas, David Toms, and William T. Whitman.

[2] The named defendants are State Farm Life Insurance Company and its related entity State Farm Life and Accident Assurance Company. The motion indicates that both defendants consent to the Court granting the relief sought. At the time the motion was filed, no notice of appearance had been entered on behalf of State Farm Life and Accident Assurance Company. However, counsel since has entered a notice of appearance and the time for filing an objection has passed.

[3] All defined terms in this order have the same meanings ascribed to them in the Agreement.

the proposal." Fed. R. Civ. P. 23(e)(1)(B).

        **a.     The Court will likely approve the Settlement.**

The Court finds that it will likely approve the Settlement as "fair, reasonable, and adequate" under the relevant factors identified in Federal Rule of Civil Procedure 23(e) and the additional factors considered by courts within the Eighth Circuit. *See* Fed. R. Civ. P. 23(e)(2); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). The Settlement creates a Settlement Fund in the amount of $325,000,000 and provides that settlement checks be mailed directly to the Settlement Class Members without the need to submit a claim. The Settlement will return to class members a material portion of the actual cost of insurance overcharges they allegedly suffered as adjusted according to the Distribution Plan proposed by Class Counsel. The Court finds this is a sound result for the Settlement Class in comparison to the substantial litigation risks facing the Settlement Class Members given the various liability rulings and appellate risk. Further, the length of time and the expense that would be necessary to litigate Plaintiffs' cases through trials and appeals would be considerable.

In addition, the Court finds that: the Class Representatives and Class Counsel have provided adequate representation to the Settlement Class; the proposed Settlement, which is the product of three full-day mediation sessions before two retired U.S. District Court judges, was negotiated at arm's length; and the Settlement treats the Settlement Class Members equitably relative to each other by awarding them a proportion of the Cost of Insurance and Monthly Expense Charge charges they each actually paid, in addition to providing equitable adjustments as to Settlement Class Members pursuant to the Distribution Plan. The Court also finds that the Settlement's provision for an award of attorneys' fees of up to one-third of the Settlement Fund and reimbursement of litigation expenses is acceptable because the Court's approval of the fee and expense award is not a condition of the Settlement. The Court will consider separately the reasonableness of the requested fee and expense award upon further briefing by Class Counsel, on which Settlement Class Members will have the opportunity to express their views.

        **b.     The Court is likely to certify the Settlement Class.**

The Settlement Class consists of the Owners of approximately 760,000 Policies as reflected on the Class List. The Policies are all Form 94030/A94030 or Form 94080/A94080 flexible premium adjustable whole life (universal life) insurance policies that were issued and administered

by Defendants or their predecessors in interest.[4]

The Court finds that it is likely to certify the Settlement Class for purposes of entering judgment on the Settlement under Rule 23(a) and (b)(3). The Settlement Class is sufficiently numerous. Also, because the Policies are materially identical and State Farm's alleged conduct relevant to the Settlement Class Members' claims was uniform, the Class Representatives are adequate to represent the Settlement Class. In other words, their claims are typical of those of the Settlement Class Members. Further, whether State Farm's conduct complied with the Policies is a common, predominating question, and a class action is a superior form of adjudication over individual lawsuits. Additionally, because this matter is being settled rather than litigated, the Court need not consider manageability issues that may be presented by a trial. Nor is there any issue with this Court certifying multi-state classes of insurance policy owners making similar claims on form policies for purposes of settlement because issues related to application of potentially different state laws do not predominate. *Custom Hair Designs by Sandy v. Cent. Payment Co.*, 984 F.3d 595, 601 (8th Cir. 2020).

3. **Class Counsel.** Plaintiffs' counsel, Stueve Siegel Hanson and Miller Schirger, have experience litigating complex cost-of-insurance overcharge cases and have been appointed as class counsel in dozens of class actions, including those asserting the same claims in other courts as are at issue here. *See, e.g.*, *Vogt v. State Farm Life Ins. Co*, 963 F.3d 753 (8th Cir. 2020). Accordingly, the Court finds Plaintiffs' counsel are competent, experienced, and qualified to represent the proposed Settlement Class and therefore appoints Plaintiffs' counsel as interim class counsel of the proposed Settlement Class pursuant to Rule 23(g)(3), pending certification of the Settlement Class, for purposes of issuing Class Notice.

4. **Settlement Administrator**. The Court appoints Epiq Class Action and Claims Solutions, Inc. ("Epiq") as the Settlement Administrator, with responsibility for Class Notice and claims administration.

5. **Class Notice**. The proposed Class Notice program set forth in the Agreement and in the declaration of Cameron R. Azari of Epiq and the Class Notice attached to the Agreement as

---

[4] The Settlement Class excludes State Farm; any entity in which State Farm has a controlling interest; any of the officers or board of directors of State Farm; the legal representatives, heirs, successors, and assigns of State Farm; anyone employed with Plaintiffs' law firms; and any judge to whom this case is assigned and the judge's immediate family.

3

Exhibit A (per the most recent amended filing) are approved. Non-material modifications to the Class Notice, including insertion of hyperlinks and dates, may be made without further order of the Court so long as counsel for *all* parties have reviewed and agree to the phrasing of the non-material modifications.

The Court finds that the proposed form, content, and method of giving Class Notice (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise putative class members of the pendency of the Action, of the terms of the proposed Settlement, and of their rights under the proposed Settlement, including their rights to object to or exclude themselves from the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all putative class members; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e) and the Due Process Clause of the United States Constitution. The Court further finds that the Class Notice is written in plain language, uses simple terminology, and is designed to be understandable by the putative class members.

The Settlement Administrator and the Parties are directed to carry out the Class Notice provisions of Section 4 of the Agreement.

6. **Exclusion from Class**. Any class member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to be excluded from the Settlement Class to the Settlement Administrator at the address and in the manner provided in the Class Notice. Requests for exclusion must meet the opt-out deadline established by this Order and stated in the Court-approved Class Notice.

7. **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion for preliminary approval and to permit issuance of notice, the Settlement Administrator shall serve or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

8. **Fairness Hearing**. A Fairness Hearing shall be held on April 4, 2023, at 1:30 P.M. in the United States District Court for the Western District of Missouri at 400 E. 9th Street, Kansas City, Missouri 64106, in Courtroom 8E, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable, adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this case should be dismissed with prejudice

pursuant to the terms of the Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Agreement; (e) the application for Class Counsel's Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application for Plaintiffs' Service Awards should be approved.

9. **Objections and Appearances**. Any Settlement Class Member may appear and explain why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why judgment should or should not be entered, why Class Counsel's Fees and Expenses should or should not be awarded, and/or why Plaintiffs' Service Awards should or should not be awarded. However, no Settlement Class Member or any other person shall be heard or entitled to contest such matters unless he or she has complied with the deadline established by this Order and the requirements for objections set forth in the Court-approved Class Notice. Any Settlement Class Member who does not properly make his or her objection shall be deemed to have waived any objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement and to the award of Class Counsel's Fees and Expenses or Plaintiffs' Service Awards, unless otherwise ordered by the Court.

10. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing and related deadlines without further mailed notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed by the Parties, if appropriate, without further notice to the Settlement Class.

11. **Schedule and Deadlines**. The Court orders the following schedule for the specified actions and further proceedings:

| EVENT | TIMING |
|---|---|
| Deadline for State Farm to provide Class Notice List to Settlement Administrator | December 30, 2022 |
| Deadline for the Settlement Administrator to mail Court-approved Class Notice to Settlement Class | January 30, 2023 |

| | |
|---|---|
| Deadline for Class Counsel to file motion for Fees and Expenses and for Service Awards | February 13, 2023 |
| Objection deadline | March 6, 2023 |
| Opt-out deadline | March 6, 2023 |
| Deadline for Class Counsel to file with the Court all objections served on the Settlement Administrator | March 13, 2023 |
| Deadline for motion for final approval of Settlement | March 28, 2023 |
| Fairness Hearing | April 4, 2023 at 1:30 |

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 16, 2022