# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID M. ROGOWSKI, ELIZABETH A. BALLY, KATHY BAUER, KIM BOTTE, JOHN E. JAUNICH, MYLENE MCCLURE *as personal representative of* THE ESTATE OF EARL L. MCCLURE, RONALD K. PAGE, CHANDRA B. SINGH, JOYCE THOMAS, DAVID TOMS, and WILLIAM T. WHITMAN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM LIFE INSURANCE COMPANY and STATE FARM LIFE AND ACCIDENT ASSURANCE COMPANY,<br><br>Defendants. | Case No. 4:22-cv-00203-RK |

### SUPPLEMENTAL DECLARATION OF NORMAN E. SIEGEL IN SUPPORT OF CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES, COSTS, EXPENSES AND SERVICE AWARDS

I, Norman E. Siegel, hereby declare as follows:

1. I am a founder and partner at the law firm of Stueve Siegel Hanson LLP, and since the beginning of this litigation have been the senior partner at Stueve Siegel Hanson responsible for this case against Defendants State Farm Life Insurance Company and State Farm Life and Accident Assurance Company (collectively, "State Farm"). I previously submitted declarations in support of Plaintiffs' Motion for Preliminary Approval (Doc. 47-1) and in support of Class Counsel's Motion and Suggestions in Support of Motion for Attorney's Fees, Costs, Expenses and Service Awards ("Fee Motion") (Doc. 59-1 ("Fee Decl.")), both of which I incorporate herein by

1

reference. I make this Supplemental Declaration in further support of Class Counsel's Fee Motion to provide the Court updated information on the amount of time Class Counsel have spent on this litigation ("Litigation") since the time through which Class Counsel calculated their lodestar in their Fee Motion. I make this declaration based on my personal knowledge and if called to testify to the contents hereof, I could and would competently do so.

2. As discussed in my prior Fee Declaration, as of mid-January 2023, Class Counsel and the local counsel firms involved in this Litigation had worked for more than 23,110 hours litigating this case and the nine Related Actions across ten different jurisdictions on behalf of the Settlement Class Members. Fee Decl., ¶ 24. This time was spent on intensive discovery, an enormous amount of class certification and dispositive motions briefing, and several appeals. *Id.*, ¶¶ 10-11. We also reported that we conservatively expected to spend at least 1,888 hours on settlement administration, including responding to class member questions about the Settlement, supervising the administrator, making updates to the Court, overseeing check reissuances and distribution of benefits to deceased class members' estates, and ensuring that the distribution runs smoothly. *Id.* This estimated future time did not include any time necessary to obtain final approval or potentially defend any judgment on appeal. *Id.*

3. Stueve Siegel Hanson and Miller Schirger have continued to keep contemporaneous track of the time spent on the Litigation. Since January 18, 2023—the date through which we reported our time in our Fee Motion—we have spent an additional 656 hours in this Litigation. This time was spent working with the Settlement Administrator on the issuance of Class Notice, responding to class member inquiries about the Settlement, providing updates to the courts previously overseeing the Related Actions on the status of the settlement approval

2

process here, and preparing the additional motions briefing and supporting material that we have submitted to the Court.

4. Thus, using the previously reported hourly rates (*see* Fee Decl., ¶ 25 and Appendix A), Class Counsel's updated lodestar, including the additional work performed through March 24, 2023, and the anticipated future work, is $18,836,106.46. This equates to a lodestar multiplier of 5.75 on Class Counsel's request for an attorney's fee of one-third of the Settlement Fund. If the work and amount recovered in *Vogt* is included in the calculation (*see id.*, ¶ 26), the total lodestar is $25,350,067.46, which equates to a lodestar multiplier of 4.8.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 28th day of March, 2023.

_____
Norman E. Siegel