# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

DAVID ROGOWSKI, et al.,       )
        )
             Plaintiffs,    )
        )
             v.        )      Case No. 4:22-cv-00203-RK
        )
STATE FARM LIFE INS. CO., et al.,   )
        )
             Defendants.   )

## ORDER

Before the Court are Plaintiffs'[1] unopposed[2] motion for final approval of class action settlement ("Final Approval Motion") (Doc. 63), and Class Counsel's motion for attorney's fees, costs, expenses and service awards ("Fee Motion") (Doc. 59). For the reasons detailed herein, the Court **GRANTS** both motions, overrules the sole Class-Member objection to Class Counsel's fee request, and dismisses the Action with prejudice.

## I.  Background[3]

This class action is one of several across the nation alleging improper cost-of-insurance fees applied under certain universal life insurance policies issued by Defendants. This class action lawsuit was commenced following a favorable summary judgment ruling and subsequent $34 million jury verdict in favor of a class of 25,000 Missouri life insurance policyholders for cost-of-insurance overcharges under the applicable police language. *Vogt v. State Farm Life Ins. Co.*, No. 2:16-CV-04140-NKL (W.D. Mo.), *aff'd*, 963 F.3d 753 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 2551 (2021). On December 16, 2022, the Court entered an order preliminarily approving the Parties' Settlement, which would operate as a nationwide settlement of this Action and nine Related Actions,[4] and directed that notice be given to Class Members. (Doc. 54.) In addition, the

---

[1] The named plaintiffs in this action are David M. Rogowski, Elizabeth A. Bally, Kathy Bauer, Kim Botte, John E. Jaunich, Mylene McClure as personal representative of the Estate of Earl L. McClure, Ronald K. Page, Chandra B. Singh, Joyce Thomas, David Toms, and William T. Whitman.

[2] The named defendants are State Farm Life Insurance Company and its related entity State Farm Life and Accident Assurance Company (collectively, "Defendants" or "State Farm").

[3] This Order incorporates the definitions of the Settlement Agreement (*see* Doc. 47-1 at 2-12) for capitalized terms, unless stated otherwise.

[4] These are: *Bally v. State Farm Life Ins. Co.*, No. 3:18-cv-04954-CRB (N.D. Cal.); *Whitman v. State Farm Life Ins. Co.*, No. 3:19-cv-06025-BJR (W.D. Wash.); *Jaunich v. State Farm Life Ins. Co.*, No. 20-cv-01567-PAM-JFD (D. Minn.); *Page v. State Farm Life Ins. Co.*, No. 5:20-cv-00617-FB-ESC (W.D.

Court appointed Plaintiffs' counsel, Stueve Siegel Hanson and Miller Schirger, as interim class counsel.

Pursuant to the Court's preliminary order of approval, the Settlement Class was notified of the terms of the proposed settlement and of a Final Approval Hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the Released Claims against the Released Parties as contemplated in the Settlement Agreement, and whether judgment should be entered dismissing the Litigation with prejudice. The Court-approved Class Notice was issued to members of the Settlement Class by first-class mail. The Settlement Administrator also established a Settlement Website. Within the objections period established by the order of preliminary approval, 42 members of the Settlement Class properly excluded themselves as Settlement Class Members, and one Settlement Class Member submitted an objection only to Class Counsel's motion for attorney's fees. Plaintiffs filed a Motion for Final Approval on March 28, 2023. The Court held a Final Approval hearing on April 4, 2023.

## II. Final Approval Motion

In granting preliminary approval, the Court was well informed in concluding it was likely that the Court would be able to approve the Settlement and certify the Settlement Class. No objections directed at the Settlement were received. The Court has considered Plaintiffs' Final Approval Motion and the supporting documents, and now confirms that the Settlement meets the requirements for approval and that the Settlement Class meets the requirements for certification.

### A. Class Certification

The Settlement Class is defined as follows:

The persons or entities who own or owned one or more of approximately 760,000 Policies issued or administered by State Farm or its predecessors in interest on Form 94030/A94030 or Form 94080/A94080. The Settlement Class is made up of the Owners of the Policies on the Class List.

The Settlement Class excludes State Farm; any entity in which State Farm has a controlling interest; any of the officers or board of directors of State Farm; the legal representatives, heirs, successors, and assigns of State Farm; anyone employed with Plaintiffs' counsel's firms; any Judge to whom this Action or a Related Action is

---

Tex.); *McClure v. State Farm Life Ins. Co.*, No. 2:20-cv-01389-PHX-SMB (D. Ariz.); *Toms v. State Farm Life Ins. Co.*, No. 8:21-cv-00736-KKM-JSS (M.D. Fla.); *Bauer v. State Farm Life Ins. Co.*, No. 1:21-cv-00464-SDG (N.D. Ga.); *Singh v. State Farm Life Ins. Co.*, No. 3:21-cv-00190-AR (D. Or.); *Botte v. State Farm Life Ins. Co.*, No. 2:22-cv-02842-JMA-JMW (E.D.N.Y.).

assigned, and his or her immediate family; and the persons who timely and properly excluded themselves from the Settlement Class, as identified on Exhibit A to the contemporaneously entered Final Judgment.

To certify a Settlement Class for the purposes of settlement the Court must conclude that the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are satisfied. *See* Fed. R. Civ. P. 23; *Vogt v. State Farm Life Ins. Co.*, No. 2:16-cv-04170-NKL, 2018 WL 1955425, at *2 (W.D. Mo. Apr. 24, 2018). In this case, the Court finds that each element of Rule 23(a) and Rule 23(b)(3) are satisfied and that final approval is warranted.

As to the requirements under Rule 23(a), the Court finds first that the Settlement Class is "so numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1). In this case, the Settlement Class consists of owners of approximately 760,000 Policies; joinder is impracticable. Second, the Court finds that there is at least one "question[] of law or fact common to the class." Rule 23(a)(2); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) ("[E]ven a single common question will do," so long as that question "will resolve an issue that is central to the validity of each one of the claims in one stroke") (cleaned up). Third, the Court finds that the claims or defenses of the representative parties are typical of those of the Settlement Class under Rule 23(a)(3), particularly to the extent that the named plaintiffs' claims "arise[] from the same event or course of conduct as the class claims, and give[] rise to the same legal or remedial theory." *Vogt*, 2018 WL 1955425, at *5 (citation and quotation marks omitted). More specifically, Plaintiffs' claims and the claims of the Settlement Class arise from and relate to the interpretation and application of the form Policy. Fourth, the Court finds that the "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4). In so doing, the Court specifically notes that it does not find any conflicts of interest between the named Plaintiffs and the class they seek to represent. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Next, as to Rule 23(b), the Court finds that common questions of law and fact predominate because the relevant contractual language at issue is the same for all members of the Settlement Class and State Farm uniformly administered the Policies in accordance with this language. Moreover, the Court also finds that a class action is superior to individual lawsuits as such individualized litigation would be more burdensome and less efficient.

For these reasons, the Court certifies the Settlement Class, appoints Plaintiffs to act as the Settlement Class Representatives, and appoints Class Counsel to represent the Settlement Class.

### B. Class Notice

Next, the Court confirms the Class Notice was implemented in accordance with the Court's December 16, 2022 preliminary approval order. (Doc. 54 at 3-4.) The Court further confirms its prior findings that the form and substance of the notice meet, and have met, the requirements of Rule 23(c) and the Due Process Clause of the United States Constitution.

### C. Approval of the Settlement

To approve a settlement under Rule 23(e), the Court must find that the settlement is "fair, reasonable, and adequate." In doing so, the Court considers various listed factors under Rule 23(e), including the merits of Plaintiffs' case weighed against the Settlement terms, Defendants' financial condition, the complexity and expense of further litigation, and opposition to the settlement. *See Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

As suggested above, members of the Settlement Class have responded as a whole positively to the settlement; despite the large class size, there has been no objection to the Settlement itself.[5] Moreover, only a very small percentage of class members (42 members of the Settlement Class) have opted-out from the Settlement. Plaintiffs and Class Counsel have adequately represented the Class as reflected by the extensive litigation they undertook against State Farm on these claims across multiple jurisdictions culminating in the hard-fought Settlement that resolves these claims nationwide. The Settlement was achieved after significant litigation within the nine Related Cases that included rulings at various stages that were at times favorable to each side. The Settlement achieved here was the product of arm's-length negotiations through three full-day mediation sessions before two well-respected retired United States District Judges.

Moreover, the non-reversionary Settlement Fund – $325,000,000 – is significant in itself in light of the costs, risks, uncertainties, and delay of further litigation in the course of trial, and appeal, in not only this case but the nine Related Actions as well. The significance of this settlement is only highlighted by the previous decisions issued by various federal courts in the Related Actions, which were at times favorable to the opposing sides. The Settlement proceeds will be distributed among Settlement Class Members equitably and relative to one another, primarily in proportion to the Monthly Deductions paid by each Settlement Class Member. This distribution of the Settlement proceeds will occur automatically and without the need for a claims

---

[5] As noted above, one Settlement Class Member objected to the requested amount of attorney's fees but in doing so expressly did not object to the Settlement itself. (Doc. 60-1.)

process. For these reasons and after careful consideration, the Court finds that the Settlement is fair, reasonable, and adequate, and that each of the factors listed in Rule 23(e) and otherwise identified by the Eighth Circuit supports final approval of the Settlement. The Settlement is therefore approved.

### D. Releases

As of the Final Settlement Date, the Releasing Parties shall be deemed to waive any and all Released Claims against the Released Parties, other than Excluded Claims.

### E. Dismissal and Continuing Jurisdiction

The Court hereby dismisses this Action with prejudice except the Court retains jurisdiction over this Action and the Parties, attorneys, and Settlement Class Members for all matters relating to this Action, including (without limitation) the administration, interpretation, and effectuation or enforcement of the Settlement Agreement, this Order, and the contemporaneously entered Final Judgment. The Settlement Class Representatives and Settlement Class Members are permanently enjoined from filing, prosecuting, maintaining, or continuing litigation based on or related to the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

## III. Fee Motion

Plaintiffs filed a motion for attorney's fees, reimbursement of expenses, and service awards to the named Plaintiffs on February 13, 2023. (Doc. 59.) Plaintiffs request three awards be paid from the Settlement Fund, as follows: (1) attorney's fees in the amount of one-third (or 33⅓ percent) of the Settlement Fund; (2) reimbursement of litigation costs and expenses in the amount of $1,358,443.06; and (3) a service award to each named Plaintiff in the amount of $25,000. Defendants do not object and filed no response; one Settlement Class Member filed an objection to the requested award attorney's fees in the amount of one-third of the Settlement Amount (or 33⅓ percent).

### A. Attorney's Fees

Under Federal Rule of Civil Procedure 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." As the Supreme Court has recognized, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from

5

the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  In considering whether an attorney's fee award is reasonable, the Court may, in its discretion, look to a "lodestar" methodology or "percentage-of-recovery" methodology.  *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865 (8th Cir. 2017).  The former looks to the hours of attorney-work in the case multiplied by a reasonable hourly rate "which can be adjusted, up or down, to reflect the individualized characteristics of a given action."  *Id.* (citation and quotation marks omitted).  The latter awards a percentage or "some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation."  *Id.* (citation and quotation marks omitted).  In the Eighth Circuit, "use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'"  *In re Xcel Energy, Inc., Sec'y, Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999)).

Under either methodology, the touchstone for an award of attorney's fees is whether the award is ultimately reasonable.  The Eighth Circuit has explained that in evaluating the reasonableness of an award of attorney's fees, the Court should consider what is often referred to as the "*Johnson* factors,"[6] including:  (1) the time and labor required; (2) the novelty and difficulty of the questions involved in the litigation; (3) the legal skills required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances of the matter; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *In re Target Corp. Customer Data Sec'y Breach Litig.*, 892 F.3d 968, 977 & n.7 (8th Cir. 2018) (citations and quotation marks omitted); *see also League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 941 (8th Cir. 2021) (explaining that the district court considers the *Johnson* factors that are "relevant to this litigation") (citation and quotation marks omitted).

Here, Class Counsel seeks an award of one-third (or 33⅓ percent) of the Settlement Fund ($325 million).  Although the requested fee is a large sum in absolute terms, so is this Settlement, achieved on behalf of and for the benefit of the Settlement Class Members to resolve the nationwide claims for the large class in this Action and Related Actions.  As indicated above, the

---

[6] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 719-20 (5th Cir. 1974).

class overwhelmingly supports the requested attorney's fee award with only one Settlement Class Member having filed an objection to the requested fee.

Working on a contingency-fee basis and taking on the risk of four-plus years of hotly contested litigation,[7] including more than 24,000 hours of legal work, Class Counsel ultimately received an excellent outcome on behalf of the class. In light of the extensive time, effort, skill, and expertise exhibited by Class Counsel in the course of litigating this Action and Related Actions, after careful review of the record and submissions in support of the motion and consideration of the relevant law, the Court finds that an award of attorney's fees in the amount of one-third or 33⅓ percent of the Settlement Amount is reasonable and fair under the circumstances of this case, as a nationwide settlement of this Action and Related Actions. *See, e.g. In re Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving fee award representing 36 percent of the class action settlement fund); *Burnett v. Conseco Life Ins. Co.*, No. 1:18-cv-00200-JPH-DML, 2021 WL 119205, at *9 (S.D. Ind. Jan. 13, 2021) (awarding $9 million in attorney's fees from a $27 million settlement fund); *Tussey v. ABB, Inc.*, No. 06-CV-04305-NKL, 2019 WL 3859763, at *4 (W.D. Mo. Aug. 16, 2019) (recognizing "Courts in this Circuit and this District have frequently awarded attorney fees of 33⅓%-36% of a common fund") (collecting cases). Therefore, the sole objection to the attorney's fee award is overruled and the Court awards Class Counsel attorney's fees in the amount of one-third (or 33⅓ percent) of the Settlement Fund.[8]

**B. Costs and Expenses**

Second, under the terms of the Settlement Agreement, Class Counsel may seek up to $1.5 million in actual costs and expenses reimbursement. Class Counsel has submitted $1,358,443.06

---

[7] Although this Action was recently filed in March 2022, the Related Actions were filed as early as 2018. In addition, this Action and the Related Actions followed Class Counsel's extensive litigation in *Vogt* which began in 2016 and resulted in a favorable jury verdict and a favorable ruling for plaintiffs on appeal to the Eighth Circuit.

[8] The corresponding lodestar multiplier supports the Court's finding that the requested award is reasonable. *See also Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017) (recognizing the court may, but is not required to, verify the reasonableness of an award by looking to the lodestar methodology as a cross-check). Accepting Class Counsel's updated lodestar multiplier of 5.75 based on Class Counsel's affidavits and other supporting evidence, *see* Doc. 63-2 at ¶ 4, while high, the lodestar multiplier is not unreasonably so and does not otherwise indicate the percentage-based award is unreasonable, particularly in considering the circumstances of this case as outlined above. *See In re Cardinal Health Inc. v. Sec. Litigs.*, 528 F. Supp. 2d 752, 767-68 (S.D. Ohio 2007) (rejecting lodestar multiplier of 7.89 and awarding attorney's fees at a lodestar multiplier of 6); *In re Charter Commc'ns, Inc., Sec. Litig.*, No. 4:02-CV-1186 CAS, 2005 WL 4045741, at *18 (E.D. Mo. June 30, 2005) (multiplier of 5.61 is not unreasonable); *In re Rite Aid Corp. Sec. Litig.*, 362 F. Supp. 2d 587, 589-90 (E.D. Pa. 2005) (finding reasonable lodestar multiplier of 6.96).

7

in costs and expenses, including a summary by category of the costs and expenses incurred. No objections were received to the request for these reimbursements. It is well established that "[r]easonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement."" *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1067 (D. Minn. 2010) (quoting *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996)). The Court finds these costs and expenses set forth by Class Counsel in the Fee Motion were reasonably incurred and are reimbursable from the fund. Accordingly, the Court awards Class Counsel costs and expenses in the amount of $1,358,443.06.

### C. Service Awards

Finally, Plaintiffs request a Service Award of $25,000 each for the Settlement Class Representatives. No objections to the Service Awards were submitted. Courts routinely approve service awards to compensate class representatives for the services they provide and the risks they incur on behalf of the class. The factors for deciding whether the service awards are warranted are: "(1) actions the plaintiffs took to protect the class's interests, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing litigation." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017). Here, the Settlement was the product of multiple lawsuits filed across multiple jurisdictions. The Settlement Class Representatives actively participated over the course of litigation including this Action and Related Actions throughout the various stages of litigation in these ten cases including discovery, trial preparation, and ultimately the settlement process. Their actions were necessary to the effort and benefited the entire Settlement Class in achieving this settlement. Accordingly, the Court awards to Plaintiffs a Service Award of $25,000 each.

**IT IS SO ORDERED.**


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 18, 2023

8